```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Maria Youngman

    v.                                Case No. 23-cv-356-LM

Gerald Youngman
Hodges Rental Co.

## **REPORT AND RECOMMENDATION**

Pro se plaintiff Maria Youngman, proceeding in forma pauperis, has filed a complaint (Doc. No. 1) against Gerald Youngman and Hodges Rental Company. The complaint is before the court for preliminary review pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915.

## **Preliminary Review Standard**

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. §1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed

liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  This is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." Ferranti v. Moran, 618 F.2d 888, 890 (1st Cir. 1980).

## Background

Ms. Youngman's complaint is disorganized and difficult to follow.  It appears that Hodges Rental Co. is her landlord. The complaint contains scattered references to maintenance and security issues, and theft of personal property.  Ms. Youngman's only requested relief is for restitution for the value of lost property.  It is not clear from the complaint why Gerald Youngman is a defendant.

Even liberally construing the complaint, see Erickson, 551 U.S. at 94, the court cannot find that Ms. Youngman has stated the minimum facts necessary for her case to proceed in this court.  In the first instance, as previously noted, there are no factual allegations linking her assertions to Gerald Youngman. More significantly, as explained below, this court lacks subject matter jurisdiction over Ms. Youngman's claims.

## Subject Matter Jurisdiction

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" Gun v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The plaintiff has the burden to establish the court's

jurisdiction. Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st Cir. 2013).

To invoke this court's subject matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the matter. See 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, see id. at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. See id. at § 1332(b).

Ms. Youngman's complaint seems to assert only garden-variety state law claims, involving landlord-tenant issues and theft of personal property.  Thus, the only basis upon which the court could exercise subject matter jurisdiction is through diversity.  To establish diversity jurisdiction, plaintiff must show that the parties are citizens of different states and that the amount in controversy is more than $75,000. See 28 U.S.C. § 1332. "[D]iversity jurisdiction requires 'complete diversity of citizenship as between all plaintiffs and all defendants.' This means that diversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant." Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009) (citations omitted).  Here, the face of the complaint indicates that Ms. Youngman and both defendants are

3

New Hampshire citizens. These allegations fail to satisfy the requirement of diversity jurisdiction.

## Conclusion

For the foregoing reasons, this case should be dismissed for lack of subject matter jurisdiction, without prejudice to Ms. Youngman's ability to re-file her lawsuit in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

July 21, 2023

cc: Marie Youngman, pro se

4